The STATE of Oklahoma, Appellant,

v.

Franklin Lewis MURRAY, Appellee.

No. S 97–270.

Court of Criminal Appeals of Oklahoma.

Oct. 21, 1997.

### ACCELERATED DOCKET ORDER

Franklin Lewis Murray was charged in Kay County District Court, Case No. CF–96–218 with Second Degree Burglary (Count 1), Knowingly Concealing Stolen Property (Count 2), and three counts of Second Degree Burglary of an Automobile (Counts 3 through 6). Preliminary hearing was held January 13, 1997, before the Honorable D.C. Revard, Special Judge. At the conclusion of the hearing, Judge Revard sustained a demurrer to Count 2 based on a violation of 21 O.S.1991, § 11 and bound over Mr. Murray on the remaining charges. The State asked Judge Revard "to bind him over in the alternative as to count one and count two," and the court agreed. In accordance with 22 O.S.1991, § 1089.2(A), the State announced its intent to appeal in open court and filed a written application to appeal on January 17, 1997.

The matter was assigned by the Presiding Judge of the North Central Administrative District to the Honorable Donald Worthington, District Judge, and was set to be heard on February 5, 1997. On that date, Judge Worthington issued Findings of Fact and Conclusions of Law, affirming the magistrate's ruling. The order was filed in the District Court on February 7, 1997. From the District Court's order affirming the magistrate's decision, the State appealed to this Court. *See* 22 O.S.1991, § 1089.7.

Pursuant to 22 O.S.Supp.1996, Ch.18, App., *Rules of the Court of Criminal Appeals,* Rule 11.2(A)(5), this appeal was automatically assigned to the Accelerated Docket of this Court. The proposition raised was presented to this Court in oral argument on September 24, 1997, pursuant to Rule 11.2(F). At the conclusion of oral argument, the parties were advised of the decision of this Court.

Appellant raised the following proposition of error on appeal:

Error occurred by order prohibiting prosecution of Appellee for both Burglary in the Second Degree and Knowingly Concealing Stolen Property taken during the burglary by restricting bindover for trial in the alternative only based upon the finding that the concealing offense was merely incidental to the burglary offense pursuant to 22 O.S. § 11.

After thorough review of the entire record and after hearing oral argument, we find the provisions of 22 O.S.1991, § 1089.1 *et.seq.,* apply to the facts of this case due to alternative, rather than separate, bind over in Counts 1 and 2; the proposition raised has merit, and the order affirming the magistrate's ruling should be reversed.

The evidence presented at preliminary hearing showed the acts forming the offense of Burglary in the Second Degree (Count 1) were separate and distinct from the acts forming the basis of the Knowingly Concealing Stolen Property charge (Count 2), and the concealing of the stolen property was not incidental to the crime of Burglary in the Second Degree.

Section 11 is the statutory prohibition on multiple punishment, which is violated where a single criminal act gives rise to offenses which are (1) not separate and distinct, (2) a mere means to some other ultimate objective, (3) lesser included offenses, or (4) merely different incidents or facets of some primary offense.

*Bristow v. State,* 905 P.2d 815, 816 (Okl.Cr. 1995); *see also Hale v. State,* 888 P.2d 1027, 1029 (Okl.Cr.1995). We find under the facts of this case that the provisions of 21 O.S. 1991, § 11 do not prohibit bind-over on both Counts 1 and 2 as charged in the Information. **THEREFORE IT IS THE ORDER OF THIS COURT** that the District Court's order affirming the ruling of the magistrate is hereby **REVERSED**.

In addition, we find this matter must be remanded for further proceedings concerning the State's authority to proceed with the prosecution against Appellee as an adult. The record before us shows that Appellee was **seventeen years, nine months and twenty-eight days** on the day the Information was filed. He is/was not charged with an "enumerated" crime.[1] The record does not reflect that Appellee was previously certified to stand trial as an adult and convicted of any offense.[2] Nor does the record reflect

1. 10 O.S.Supp.1995, § 7306–1.1(A) provides, in part, that "[A]ny person sixteen (16) or seventeen (17) years of age who is charged with murder, kidnapping, robbery with a dangerous weapon, robbery in the first degree if personal injury results, rape in the first degree, rape by instrumentation, use of firearm or other offensive weapon while committing a felony, arson in the first degree, burglary with explosives, burglary in the first or second degree after three or more adjudications for committing either burglary in the first degree or burglary in the second degree, shooting with intent to kill, discharging a firearm, crossbow or other weapon from a vehicle pursuant to subsection B of Section 652 of Title

21 of the Oklahoma Statutes, intimidating a witness, manslaughter in the first degree, sodomy, trafficking in illegal drugs, manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense a controlled dangerous substance, or assault and battery with a deadly weapon, shall be considered as an adult...."

2. 10 O.S.Supp.1995, § 7303–4.3(D) states: "Any child who has been certified to stand trial as an adult pursuant to any certification procedure provided by law and is subsequently convicted of the alleged offense or against whom the imposition of judgment and sentencing has been de-

that he was charged with Burglary in the Second Degree because he "had three or more adjudications for committing either burglary in the first degree or burglary in the second degree." [3]

At oral argument, counsel for the State asserted that Appellee was previously certified as an adult, convicted, and received a deferred sentence in another case. However, counsel for the State admitted there was nothing in "this" record which affirmatively showed Appellee was previously certified and which proved the State had jurisdiction to proceed against Appellee in an adult criminal proceeding. In addition, the record is void of any objection raised by Appellee in the trial court proceedings to his prosecution as an adult rather than under the provisions of the Oklahoma Juvenile Code.[4] Because the record does not show that Appellee could be charged as an adult for the crimes charged, as set forth in 10 O.S.Supp.1995, §§ 7303–4.3(D) or 7306–1.1, this matter must be remanded to the preliminary hearing magistrate.

■ Our statutes relating to certification proceedings and reverse certification proceedings do not address the proper procedure for the State to follow in a case such as this where a person under eighteen years of age, who has previously been certified, is charged as an adult for a non-enumerated crime. In the absence of a legislatively mandated procedure, we believe it is necessary to establish a procedure for the State and the District Court to follow in this situation.

Section 7303–4.3(D) of Title 10 provides:

Any child who has been certified to stand trial as an adult pursuant to any certification procedure provided by law and is subsequently convicted of the alleged offense or against whom the imposition of judgment and sentencing has been deferred shall be tried as an adult in all subsequent criminal prosecutions, and shall not be subject to the jurisdiction of the juvenile court in any further proceedings.

The statute does not set forth a procedure for the District Court to receive notice that this provision is applicable to a charged defendant who is under the age of eighteen (18) years. To ensure consistent implementation of the provisions of this statute, the following procedure is hereby established:

(1) Simultaneously with the filing of an Information against a defendant under the age of eighteen (18) years, to whom the provisions of § 7303–4.3(D), or other like statutory provisions, apply, the State shall file a Notice of Adult Status which sets forth the legal basis authorizing the District Court to continue the proceedings initiated against the defendant as an adult and the State shall attach to said Notice certified copies of the order(s)/document(s) which serve as the statutory authority to proceed against the defendant as an adult;

(2) A copy of the Notice, with attached exhibits, shall be served on the defendant or his/her attorney; and

(3) The defendant must file an objection to the State's authority to proceed against him/her as an adult within thirty (30) days of the Notice of Adult Status, or the issue is forfeited.

***THEREFORE IT IS THE ORDER OF THIS COURT*** that the District Court's order affirming the ruling of the magistrate in Kay County District Court, Case No. CF–96–218, is hereby ***REVERSED*** and ***REMANDED*** to the preliminary hearing magistrate for a bind-over order and further proceedings consistent with this order.

**IT IS SO ORDERED.**

/s/ Charles S. Chapel
/s/ CHARLES S. CHAPEL, Presiding Judge

/s/ Gary L. Lumpkin
/s/ GARY L. LUMPKIN, Judge

/s/ James F. Lane
/s/ JAMES F. LANE, Judge

ferred shall be tried as an adult in all subsequent criminal prosecutions, and shall not be subject to the jurisdiction of the juvenile court in any further proceedings."

3. 10 O.S.Supp.1995, § 7306–1.1(A).

4. 10 O.S.Supp.1995, § 7301–1.1, *et. seq.*

594

/s/ Charles A. Johnson
/s/ CHARLES A. JOHNSON, Judge

STRUBHAR, V.P.J., not participating.