2008 OK CR 30

**Kendall Dejuan WILEY, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. F–2007–819.

Court of Criminal Appeals of Oklahoma.

Dec. 29, 2008.

Caesar Latimer, Tulsa, OK, counsel for appellant at trial.

Tim Harris, District Attorney, James M. Hawkins, Assistant District Attorney, Tulsa, OK, counsel for the State at trial.

Lisbeth L. McCarty, Norman, OK, counsel for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, William R. Holmes, Assistant Attorney General, Oklahoma City, OK, counsel for the State on appeal.

## SUMMARY OPINION

LUMPKIN, Presiding Judge.

¶ 1 Appellant Kendall DeJuan Wiley was tried by jury and convicted of Robbery with a Firearm (Count I) (21 O.S.2001, § 801), Second Degree Burglary (Count II) (21 O.S. 2001, § 1435), First Degree Rape (Count III) (21 O.S.2001, § 1114), and Rape by Instrumentation (Count IV) (21 O.S.2001, § 1111.1), Case No. CF–2005–3635, in the District Court of Tulsa County. The jury recommended as punishment imprisonment for twenty five (25) years in Count I, seven (7) years in Count II, life in Count III and fifteen (15) years in Count IV. The trial court sentenced accordingly, ordering the sentences to run consecutively. It is from this judgment and sentence that Appellant appeals.

¶ 2 Appellant raises the following propositions of error in support of his appeal:

I.   The prosecutor improperly shifted the burden of proof.

II.  The trial judge erred by failing to grant the continuance.

III. Appellant was deprived of effective assistance of counsel.

IV.  The trial judge erred by holding a hearing outside the presence of Appellant.

V.   Appellant should not have been tried and sentenced as an adult on the second degree burglary.

VI.  The State's failure to follow proper procedure in this case violated Appellant's right to due process of law.

VII. Due to the ineffectiveness of counsel, Appellant was denied his right to appeal the ruling of the District Court to try and sentence him as an adult.

VIII. Appellant's right not to be placed in jeopardy twice for the same offense was violated.

IX.  The evidence was insufficient to support the charge of robbery with firearms.

X.   The sentences are excessive.

XI.  Cumulative error deprived Appellant of a fair trial and due process of law.

¶ 3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that it is necessary to reverse the conviction and remand the case for a new trial due to ineffective assistance of counsel.

¶ 4 An analysis of an ineffective assistance of counsel claim begins with the presumption that trial counsel was competent to provide the guiding hand that the accused needed, and therefore the burden is on the accused to demonstrate both deficient performance and resulting prejudice. *Eizember v. State*, 2007 OK CR 29, ¶ 151–152, 164 P.3d 208, 244, *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *Strickland* sets forth the two-part test which must be applied to determine whether a defendant has been denied effective assistance of counsel. *Id.* First, the defendant must show that counsel's performance was deficient, and second, he must show the deficient performance prejudiced the defense. *Id.* Unless the defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Id.*

¶ 5 Appellant must demonstrate that counsel's representation was unreasonable under prevailing professional norms and that the challenged action could not be considered sound trial strategy. *Id.* The burden rests with Appellant to show that there is a reasonable probability that, but for any unprofessional errors by counsel, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

¶ 6 In this case the Court is faced with the competing constitutional guarantees of a criminal defendant's right to have his attorney of choice represent him and the requirement that counsel provide effective assistance of counsel to the defendant. In this case, Appellant's retained counsel provided little representation, much less the minimal effective assistance required by the Sixth Amendment. Based upon the record, counsel's conduct clearly fell below that expected of a reasonably competent defense attorney and Appellant has shown there is a reasonable probability that but for counsel's unreasonable representation, the result of the trial would have been different. Due to defense counsel's obvious unpreparededness, his failure to comply with discovery requirements, to have the DNA independently tested, to know the names of his witnesses, to interview all alibi witnesses, to know the proper sentencing range for one of the charged crimes, and his abrupt conclusion of *voir dire,* despite advice from the trial judge not to pursue that course of conduct, the prosecution's case was not subject to meaningful adversarial testing. *See Wilhoit v. State,* 1991 OK CR 50, ¶ 4, 816 P.2d 545, 546 (new trial warranted based upon defense counsel's failure to interview important witnesses and general failure to prepare for trial, and the failure to refute the prosecution experts' contentions and present evidence which would have caused the jury to question the credibility of the prosecution experts found ineffective and warranting a new trial). *See also Jennings v. State,* 1987 OK CR 219, ¶¶ 12–13, 744 P.2d 212, 214–215, (new trial warranted due to defense counsel's "lack of investigation" and failure to present an "absolute defense [which] unquestionably under-

mine[d] the reliability of the jury's verdict"). Counsel's conduct in this case so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.

¶ 7 However, the question becomes has the defendant waived his right to raise the ineffectiveness of counsel he has chosen? The U.S. Supreme Court in *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), (a case reviewing the denial of Writs of Habeas Corpus by state prisoners) stated: "[i]n our view a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession." 397 U.S. at 770, 90 S.Ct. at 1448 (citations omitted). The Court discussed the fact that it does not consider whether counsel's advice was right or wrong but whether "that advice was within the range of competence demanded of attorneys in criminal cases." *Id.* This analysis as to guilty pleas is just as applicable to the representation provided in the trial of a criminal case, i.e. is the advice given and the actions taken within the range of competence demanded of attorneys in criminal cases. Interestingly the Court went a step further and stated:

> On the one hand, uncertainty is inherent in predicting court decisions; but on the other hand defendants facing felony charges are entitled to the effective assistance of competent counsel. Beyond this we think the matter, for the most part, should be left to the good sense and discretion of the trial courts with the admonition that if the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel, and that judges should strive to maintain proper standards of performance by attorneys who are representing defendants in criminal cases in their courts.

397 U.S. at 771, 90 S.Ct. at 1449. This admonition is especially applicable to this particular case.

¶ 8 It is important to note that the standards of effective assistance of counsel

set out in *Strickland* and adopted by this Court should not be disregarded in the practice before our District Courts. Our research of the issue does not reveal any cases regarding the waiver of effective assistance of counsel claims based on the fact a criminal defendant retained an attorney of his/her choice. However, we have heretofore not required the making of a record when the trial judge observes questionable practices by a defense attorney. A criminal defendant is generally uninformed as to what is within the range of competence demanded of attorneys in criminal cases, and has a right to be so informed to know whether to proceed with that attorney or recognize that, as a matter of manifest necessity, the trial court should declare a mistrial due to the lack of competence by the trial attorney. Trial courts should not be hesitant to employ the procedure of holding an *in camera* hearing to determine if the deficiencies noted are a part of the trial strategy and, if not, to inform the criminal defendant of the lack of competence of his/her attorney. In obvious cases such as the one before us, a record should be made as to whether the defendant understands the deficiencies noted by the court and desires to proceed with that attorney or request a mistrial. With a record formulated in the trial court this Court will then be empowered to render the appropriate decision on appeal if the issue of ineffective assistance of counsel is raised. If a defendant insists on proceeding with an attorney the court has deemed lacking in competence the defendant should be advised of the possibility of waiving his right to claim ineffective assistance of counsel on appeal.

¶ 9 Trial judges are vested with unique challenges and responsibilities. They are required to maintain a position of fairness and impartiality throughout the proceedings. This Court is reluctant to place more requirements on the trial judges of this state. However, the right to competent counsel in criminal cases is too important a right to turn a blind eye when lack of competence is observed in the course of a criminal proceeding. We anticipate the use of this procedure will be rare but the knowledge of its potential use will ensure the cultivation of competence and professionalism in our trial courts.

¶ 10 Based upon the foregoing, this case should be reversed and remanded for a new trial. Accordingly, we find it necessary to address only three of the other propositions of error raised by Appellant.

¶ 11 In Proposition V, pursuant to 10 O.S. 2001, § 7306–2.3(A)(2) the trial court did not err in trying and sentencing Appellant as an adult on the second degree burglary charge.

¶ 12 In Proposition VI, the "Notice of Rights" filed by the State failed to follow the requirements set forth in *State v. Murray*, 1997 OK CR 66, ¶ 10, 947 P.2d 591, 593. However, this omission did not deny Appellant due process as the record reflects Appellant was fully informed of the purpose and procedures of the Youthful Offender Act.

¶ 13 In Proposition VII, Appellant's reliance on 10 O.S.2001, § 7306–1.1(G) as support for an appeal from a denial of a request for certification of a juvenile is misplaced as that provision applies only to offenses committed before January 1, 1998. *See* 10 O.S. 2001, § 7306–1.1(H). The present crime was committed in 2005.

¶ 14 However, under Rule 7.1(4) of Section VII, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22 Ch. 18, App. (2008) a party may appeal "an order certifying or denying certification for imposition of adult sentence." The record reflects Appellant attempted such an appeal to this Court. However, as he failed to timely file a Designation of Record, the appeal was dismissed. Counsel's failure to properly file the appeal does not satisfy the prejudice prong of *Strickland*. Even if counsel had properly filed the appeal, given the lack of merit to his argument that the burglary charge should be severed and he should be tried as a juvenile on that charge, there is no reasonable likelihood the appeal would have been successful.

### DECISION

¶ 15 The Judgment and Sentence is ***REVERSED AND THE CASE IS REMANDED TO THE DISTRICT COURT FOR A NEW TRIAL.*** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2008), the ***MANDATE***

is **ORDERED** issued upon delivery and filing of this decision.

C. JOHNSON, V.P.J., CHAPEL, A. JOHNSON, and LEWIS, JJ.: concur.