OSCN Found Document:SONNIER v. STATE

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 SONNIER v. STATE
2014 OK CR 13
Case Number: F-2013-905
Decided: 09/17/2014
ANDREA LYNN SONNIER, Appellant, v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2014 OK CR 13, __ __


SUMMARY OPINION

SMITH, VICE PRESIDING JUDGE:
¶1 Andrea Lynn Sonnier pled guilty to Count I, Possession of 
a Controlled Dangerous Substance in violation of 63 O.S.2011, § 2-402; and Count II, 
Possession of Drug Paraphernalia in violation of 63 O.S.2011, § 2-405, in the 
District Court of Tulsa County, Case No. CF-2011-2148. Pursuant to a plea 
agreement, Sonnier received a deferred sentence of two (2) years on both counts, 
concurrent, with supervision by the Tulsa County District Attorney's Office. On 
April 25, 2012, the State filed an application to accelerate judgment and 
sentence, based on crimes alleged to have been committed in Tulsa County Case 
No. CF-2012-1757. On July 16, 2012, Sonnier executed a confession of the 
application to accelerate, admitting the State could prove the allegations in 
the application. Sentencing was passed to offer Sonnier an opportunity to 
complete the Women in Recovery (WIR) program. At a hearing on August 1, 2013, 
Sonnier was terminated from the WIR program, and the Honorable Kurt G. Glassco 
sentenced Sonnier to four (4) years imprisonment (Count I), and one (1) year 
imprisonment in the county jail (Count II), to run concurrently with one another 
and consecutively with Sonnier's sentences in CF-2012-1757. Sonnier appeals from 
this acceleration of her deferred sentences under Rule 1.2(D)(5)(b), Rules of 
the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2014).
¶2 Sonnier raises three propositions of error in support of 
her appeal:
I. Trial counsel failed to subject the State's case to any 
meaningful adversarial testing thereby constructively depriving Sonnier of 
counsel as mandated by the U.S. Const. amend. XIV, and the Okla. Const. art 2, 
§§ 7 and 20.
II. The trial court plainly erred in terminating Sonnier 
from Women in Recovery without first offering to hold an adversarial evidentiary 
hearing consistent with due process standards guaranteed to probationers by the 
State and Federal Constitutions.
III. The trial court violated the separation of powers 
provision of the Oklahoma Constitution, art. 4, § 1 by delegating to Women in 
Recovery the authority to establish rules and conditions of probation.
¶3 After thorough consideration of the entire record before 
us, including the original record, transcripts, exhibits and briefs, we find 
that the law and evidence do not require relief.
¶4 We find in Proposition I that plea counsel was not 
ineffective. Sonnier must show that counsel's performance was deficient and that 
she was prejudiced by counsel's deficient performance. Wiley v. State, 2008 OK CR 30, ¶ 4,199 P.3d 877, 878; Strickland v. 
Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 
(1984). Counsel's acts or omissions must have been so serious that she 
was deprived of a fair trial with reliable results. Harrington v. 
Richter, 562 U.S. 86, 131 S.Ct. 770, 787-88, 178 L.Ed.2d 624 (2011). We 
review counsel's performance against an objective standard of reasonableness 
under prevailing professional norms, and we will not second-guess strategic 
decisions. Harris v. State, 2007 OK CR 28, ¶ 39, 164 P.3d 1103, 1118; Rompilla v. 
Beard, 545 U.S. 374, 380-81, 125 S.Ct. 2456, 2462, 162 L.Ed.2d 360 (2005). 
For the Court to reach Sonnier's claims of deficient performance, she must show 
she was prejudiced by counsel's acts or omissions. Williams v. Taylor, 
529 U.S. 362, 394, 120 S.Ct. 1495, 1513, 146 L.Ed.2d 389 (2000); 
Strickland, 466 U.S. at 693, 104 S.Ct. at 2067. This proposition turns on 
the success of Proposition II. We find in Proposition II that Sonnier had no 
right to a judicial due process hearing on her termination from WIR. Therefore, 
trial counsel cannot have been ineffective in failing to prepare properly for 
such a hearing.
¶5 We find in Proposition II that Sonnier was not denied due 
process of law when she was terminated from the WIR program. She did not raise 
this below and has waived all but plain error. Plain error is an actual error, 
that is plain or obvious, and that affects a defendant's substantial rights, 
affecting the outcome of the trial. Barnard v. State, 2012 OK CR 15, ¶ 13, 290 P.3d 759, 764. Given the 
constitutional nature of the claim, we must decide whether any error was 
harmless beyond a reasonable doubt. Miller v. State, 2013 OK CR 11, ¶ 106, 313 P.3d 934, 971-72; Chapman v. 
California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).
¶6 Sonnier confessed the acceleration of her deferred 
sentence in this case, No. CF-2011-2148, and entered a blind plea of guilty in 
No. CF-2012-1757. In both cases sentencing was passed for her to try to 
successfully complete the Women in Recovery program. In both cases, there was an 
understanding that Sonnier would go to prison if she did not complete WIR, but 
at the time of each plea there was no specific sentence recommended or imposed. 
This case turns on the nature of Sonnier's participation in WIR. Sonnier 
compares WIR to drug court, mental health court, probation revocation hearings, 
and acceleration hearings. She argues that WIR is like drug court, and drug 
court is like deferred sentencing, so WIR is like deferred sentencing. Thus, she 
claims, she should be afforded the protections required on a deferred sentence, 
including notice of the reasons for her termination and an opportunity to 
contest those reasons. This Court has held that a defendant who is terminated 
from participating in a diversionary program is entitled to due process. Tate 
v. State, 2013 OK CR 18, ¶ 
20, 313 P.3d 274, 280-81; 
Alexander v. State, 2002 OK 
CR 23, ¶ 8, 48 P.3d 110, 
112-13. This includes termination from drug court or mental health court, or the 
acceleration of a deferred sentence. Tate, 2013 OK CR 18, ¶ 20, 313 P.3d at 
280-81.
¶7 This comparison is misleading. When Sonnier entered a 
guilty plea and confessed the acceleration of her deferred sentence in these 
cases, she did not receive a deferred sentence in either case. In both cases, 
the trial court accepted Sonnier's plea of guilty and confession to acceleration 
(finding her guilty of the charged crime and allegation supporting 
acceleration), and simply passed the sentencing proceedings. Sonnier was not put 
on probation, nor was completion of WIR made a condition of her release. She did 
sign a standard document stating rules and conditions of pretrial release, in 
order to receive electronic monitoring through the court services system. In 
neither case do the conditions of pretrial release mention WIR; the electronic 
monitoring agreement in each case does state that WIR will pay the cost of 
monitoring. Furthermore, in this case, CF-2011-2148, Sonnier's confession of 
acceleration explicitly states: "pass to get into WIR, or sentencing by ct [sic] 
if passed out of WIR due to pregnancy or any other reason."
¶8 Moreover, despite Sonnier's comparisons, completion of 
the WIR program is not analogous to drug court or mental health court programs. 
Drug and mental health courts formally and explicitly establish structured 
judicial intervention processes for treatment of eligible offenders. 22 
O.S.Supp.2014, §§ 471-471.11; 22 
O.S.2011, § 472; Alexander, 2002 OK CR 23, ¶ 8, 48 P.3d at 
112-13. These programs are based in the district courts, which hold regular 
progress hearings. The reviewing courts must recognize relapses and restarts 
because the alternative court statute provides for this consideration. 22 O.S.2011, § 471.7(E); 
Tate, 2013 OK CR 18, ¶ 
23, 313 P.3d at 281-82.[1] Defendant participants who fail to complete the 
programs are, of necessity, terminated through order of the drug or mental 
health court judge. In deciding whether to terminate a defendant from one of 
these programs, a trial court must afford at least the minimum due process 
requirements, including written notice of the violations and disclosure of the 
evidence, a hearing at which the defendant has an opportunity to be heard and to 
confront and cross-examine witnesses, before a neutral and detached body, with a 
written statement of findings and conclusions. 22 O.S.2011, § 471.7(F); 
Tate, 2013 OK CR 18, ¶¶ 
22, 27, 313 P.3d at 281-82; Morrissey v. Brewer, 408 U.S. 471, 488-89, 92 
S.Ct. 2593, 2603-04, 33 L.Ed.2d 484 (1972).
¶9 WIR is more like community service or a rehabilitation 
program than a drug court or mental health court. It is not created separately 
by statute, provides for no specific judicial intervention process, and is not 
controlled by the trial court. No statutory provisions safeguard a defendant's 
due process rights connected with her liberty interest as it relates to 
acceptance into or termination from the program. Rather, WIR is a private 
community provider program, which diverts a woman from prison, and which is 
accessed through the trial court's sentencing powers. Unstructured 
public-private partnerships are relatively new to the criminal justice system. 
WIR began as a private/public experimental partnership with the Tulsa County 
District Court system through the George F. Kaiser Foundation and Family and 
Children's Services, a certified private service provider in the Tulsa area. The 
program was designed to offer certain women not eligible for some other 
diversionary program an opportunity to avoid incarceration in prison. To enter 
the WIR program, an offender must approach WIR for a determination that she is 
eligible and for acceptance into the program. The offender then petitions the 
trial court, after entering a plea of guilty, to be allowed the opportunity to 
complete the WIR program before sentence is imposed. If the trial court accepts 
the plea, sentencing is passed until completion of the WIR program. When Sonnier 
agreed to the acceleration of her deferred sentence in this case in order to 
enter WIR, she agreed not only to entry into WIR, but to rules and conditions of 
pretrial release, including participation in an electronic monitoring program 
administered by the Tulsa County District Court division of Court Services. By 
so agreeing, Sonnier agreed to keep the trial court informed of her progress 
through regular, periodic court dates at which both WIR and Court Services 
presented status reports.
¶10 Under the statutes providing for sentencing, a trial 
court may suspend a sentence in whole or in part, and order a defendant to 
comply with any provision specifically ordered by the court. 22 O.S.2011, § 991a(A)(1)(hh). When 
imposing a deferred sentence on a verdict or plea of guilty, a trial court may 
defer further proceedings upon specific conditions, and may order a defendant to 
complete any conditions which can be imposed for a suspended sentence under § 
991a(A)(1). 22 O.S.2011, § 
991c(A)(10). Although Sonnier refers to these sentencing provisions, the 
discussion above shows that they do not apply here. Initially, when Sonnier 
first entered a plea in this case (CF-2011-2148), she did receive a deferred 
sentence. However, when she confessed the State's application to accelerate that 
deferred sentence, she did not receive another deferred sentence; sentencing was 
merely passed to give her a chance to complete WIR. She was not ordered to 
complete the WIR program as a condition of her release, though she did agree to 
be sentenced by the court if WIR terminated her. In addition, Sonnier's plea of 
guilty in CF-2012-1757 followed the same process and did not result in a 
deferred sentence.
¶11 Trial courts may also sentence eligible offenders to the 
Community Service Sentencing Program under 22 O.S.2011, § 991a-4.1. This provision allows offenders 
to be sentenced to the program, administered by the DOC or counties which have 
existing community service programs, and which may include community service or 
education programs, substance abuse, mental health and medical treatment 
programs, as well as testing for controlled substances and payment of 
restitution. 22 O.S.2011, § 
991a-4.1(C). Under Community 
Service sentencing, the DOC establishes a list including "federal, state and 
local government agencies, community service agencies, nonprofit organizations, 
educational programs and other treatment programs willing to participate in the 
program to which offenders may be referred". 22 O.S.2011, § 911a-4.1(G). 
Additionally, DOC must periodically contact these organizations to monitor an 
offender's progress. DOC must ensure that the trial court and prosecutor are 
notified in writing if the offender either successfully completes or fails to 
complete the program. 22 O.S.2011, § 
991a-4.1(H). These general 
sentencing provisions allow trial courts alternatives to incarceration by 
diverting eligible defendants to community service programs such as WIR.
¶12 The specific statutory authority for expanded use of 
programs such as WIR comes from 57 
O.S.2011, § 510.8b. This statute authorizes the Department of Corrections to 
establish public/private partnerships in pilot diversionary programs for 
nonviolent offenders who are the primary caregivers of minor children, and to 
provide reentry services for inmates with minor children. 57 O.S.2011, § 510.8b(A). The 
Department of Corrections is tasked with developing or modifying community 
diversion and reentry programs, developing community partnerships, and 
promulgating rules necessary to implement the statutory provisions. 57 O.S.2011, § 510.8b(B),(C),(D). 
While the statute allows DOC to partner with WIR, nothing in any statute 
suggests that a trial court has the authority to order WIR to accept an offender 
where WIR has determined that the offender does not meet its admission 
requirements. In addition, although a trial court may terminate an offender from 
the WIR program and sentence her to prison, nothing suggests that a trial court 
could reject a WIR termination recommendation and require WIR to continue to 
treat an offender once WIR determines the offender has violated the terms of the 
program and should be terminated. In other words, the trial court has the 
authority to pass an offender's case to allow her to complete WIR, and the 
authority to impose sentence if she is removed from the program. However, the 
WIR, not the trial court, may accept an offender into the program or determine 
that she continues to be eligible for the program.
¶13 WIR is not comparable to drug court, mental health 
court, deferred sentencing, or any other statutorily established structured 
diversionary judicial intervention programs which provide an alternative to 
incarceration. The absence of any statute which could support a right to due 
process when a person is terminated from WIR is dispositive of this claim of 
error. In the context of parole and probation revocation (both judicial 
proceedings), the United States Supreme Court has confirmed that minimal due 
process is required, but declined to prescribe a particular procedure for those 
proceedings. Gagnon v. Scarpelli, 411 U.S. 778, 781-82, 93 S.Ct. 1756, 
1759-60, 36 L.Ed.2d 656 (1973); Morrisey, 408 U.S. at 488-89, 92 S.Ct. at 
2604. This Court has held that, in that context, a defendant must be 
"sufficiently apprised" of the grounds on which probation or a suspended 
sentence is revoked. Tate, 2013 OK CR 18, ¶ 33, 313 P.3d at 
283-84. The trial court here accepted Sonnier's confession to acceleration of 
her deferred sentence (and, in CF-2012-1757, her guilty plea) and passed her 
sentencing date to allow her the opportunity for treatment in a community-based 
program. In doing so, the trial court was participating in a public-private 
partnership, in which Sonnier's eligibility for treatment was determined by the 
private provider, rather than the court. We find that Sonnier had no 
constitutional due process right to a judicial hearing on the private provider's 
determination that she is no longer eligible for the program.
¶14 Upon determining that Sonnier should be terminated from 
WIR, based on WIR's recommendation, the trial court properly proceeded to 
sentencing. There was no error in the trial court's action. Because there was no 
error, there was no plain error.
¶15 We find in Proposition III that there was no violation 
of the separation of powers doctrine. The trial court has statutory authority to 
order a defendant to comply with any provision specifically ordered by the 
court, including participation in community-based sentencing or diversion 
programs. 22 O.S.2011, § 
991a(A)(1)(hh); 22 O.S.2011, § 
991a-4.1(C); 57 O.S.2011, § 510.8b(A). The trial 
court was within its authority in granting Sonnier's request to apply to enter 
the WIR program before sentence was imposed, and there was no separation of 
powers violation.
DECISION
¶16 The Judgment and Sentence of the District Court of Tulsa 
County is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court 
of Criminal Appeals, Title 22, Ch.18, App. (2014), the MANDATE is 
ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE 
HONORABLE KURT G. GLASSCO, DISTRICT JUDGE
 


 ATTORNEYS AT PLEA HEARING
 ANGELA BONILLA
TULSA COUNTY PUBLIC
DEFENDER'S OFFICE
423 SOUTH 
 BOULDER, STE. 300
TULSA, OK 74103-3805
COUNSEL FOR DEFENDANT
  
 ANDREA BROWN
ASSISTANT DISTRICT ATTORNEY
TULSA COUNTY 
 COURTHOUSE
500 SOUTH DENVER
TULSA, OK 74103
COUNSEL FOR 
 STATE
 
 ATTORNEYS ON APPEAL
 ERIC L. REYNOLDS
TULSA COUNTY
PUBLIC DEFENDER'S OFFICE
423 
 S. BOULDER AVE., STE. 300
TULSA, OK 74103-3805
COUNSEL FOR 
 APPELLANT
  
 E. SCOTT PRUITT
ATTORNEY GENERAL OF OKLAHOMA
JAY 
 SCHNIEDERJAN
ASSISTANT ATTORNEY GENERAL
313 NE 21ST 
 STREET
OKLAHOMA CITY, OK 73105
COUNSEL FOR 
APPELLEE

OPINION BY: Smith, V.P.J.
Lewis, P.J.: CONCUR
Lumpkin, J.: 
CONCUR IN RESULTS
A. Johnson, J.: CONCUR

FOOTNOTES

[1] In 
Tate, this Court held that, because the statute authorizing mental health 
courts did not require those courts to recognize relapses and restarts, trial 
courts were not required to do so. Tate, 2013 OK CR 18, ¶¶ 26-27, 313 P.3d 
at 282. The Legislature has since amended 22 O.S., § 472 to include such a 
requirement, effective November 1, 2014. 2014 Okla. Sess. Laws 
180.





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Criminal Appeals Cases Cite
Name
Level 2002 OK CR 23, 48 P.3d 110, ALEXANDER v. STATE
Discussed at Length 2007 OK CR 28, 164 P.3d 1103, HARRIS v. STATE
Discussed 2008 OK CR 30, 199 P.3d 877, WILEY v. STATE
Discussed 2012 OK CR 15, 290 P.3d 759, BARNARD v. STATE
Discussed 2013 OK CR 11, 313 P.3d 934, MILLER v. STATE
Discussed 2013 OK CR 18, 313 P.3d 274, TATE v. STATE
Discussed at Length
Title 22. Criminal Procedure Cite
Name
Level 22 O.S. 991a-4.1, Community Service Sentencing Program
Discussed at Length 22 O.S. 472, Anna McBride Act
Discussed 22 O.S. 991c, Deferred Sentence
Cited 22 O.S. 471.7, Progress Reports and Periodic Reviews
Discussed 22 O.S. 991a, Sentence - Powers of the Court
Discussed
Title 57. Prisons and Reformatories Cite
Name
Level 57 O.S. 510.8b, Pilot Diversion and Reentry Programs for Nonviolent Offenders who are Primary Caregivers of Minor Children
Discussed at Length
Title 63. Public Health and Safety Cite
Name
Level 63 O.S. 2-402, Prohibited Acts B - Penalties
Cited 63 O.S. 2-405, Prohibited Acts E- Penalties
Cited