OSCN Found Document:SONNIER v. STATE

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 SONNIER v. STATE
2014 OK CR 13
Case Number: F-2013-905
Decided: 09/17/2014
ANDREA LYNN SONNIER, Appellant, v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2014 OK CR 13, __ __

 

SUMMARY OPINION

SMITH, VICE PRESIDING JUDGE:

¶1 Andrea Lynn Sonnier pled guilty to Count I, Possession of a Controlled Dangerous Substance in violation of 63 O.S.2011, § 2-402; and Count II, Possession of Drug Paraphernalia in violation of 63 O.S.2011, § 2-405, in the District Court of Tulsa County, Case No. CF-2011-2148. Pursuant to a plea agreement, Sonnier received a deferred sentence of two (2) years on both counts, concurrent, with supervision by the Tulsa County District Attorney's Office. On April 25, 2012, the State filed an application to accelerate judgment and sentence, based on crimes alleged to have been committed in Tulsa County Case No. CF-2012-1757. On July 16, 2012, Sonnier executed a confession of the application to accelerate, admitting the State could prove the allegations in the application. Sentencing was passed to offer Sonnier an opportunity to complete the Women in Recovery (WIR) program. At a hearing on August 1, 2013, Sonnier was terminated from the WIR program, and the Honorable Kurt G. Glassco sentenced Sonnier to four (4) years imprisonment (Count I), and one (1) year imprisonment in the county jail (Count II), to run concurrently with one another and consecutively with Sonnier's sentences in CF-2012-1757. Sonnier appeals from this acceleration of her deferred sentences under Rule 1.2(D)(5)(b), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2014).

¶2 Sonnier raises three propositions of error in support of her appeal:

I. Trial counsel failed to subject the State's case to any meaningful adversarial testing thereby constructively depriving Sonnier of counsel as mandated by the U.S. Const. amend. XIV, and the Okla. Const. art 2, §§ 7 and 20.

II. The trial court plainly erred in terminating Sonnier from Women in Recovery without first offering to hold an adversarial evidentiary hearing consistent with due process standards guaranteed to probationers by the State and Federal Constitutions.

III. The trial court violated the separation of powers provision of the Oklahoma Constitution, art. 4, § 1 by delegating to Women in Recovery the authority to establish rules and conditions of probation.

¶3 After thorough consideration of the entire record before us, including the original record, transcripts, exhibits and briefs, we find that the law and evidence do not require relief.

¶4 We find in Proposition I that plea counsel was not ineffective. Sonnier must show that counsel's performance was deficient and that she was prejudiced by counsel's deficient performance. Wiley v. State, 2008 OK CR 30, ¶ 4,199 P.3d 877, 878; Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel's acts or omissions must have been so serious that she was deprived of a fair trial with reliable results. Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 787-88, 178 L.Ed.2d 624 (2011). We review counsel's performance against an objective standard of reasonableness under prevailing professional norms, and we will not second-guess strategic decisions. Harris v. State, 2007 OK CR 28, ¶ 39, 164 P.3d 1103, 1118; Rompilla v. Beard, 545 U.S. 374, 380-81, 125 S.Ct. 2456, 2462, 162 L.Ed.2d 360 (2005). For the Court to reach Sonnier's claims of deficient performance, she must show she was prejudiced by counsel's acts or omissions. Williams v. Taylor, 529 U.S. 362, 394, 120 S.Ct. 1495, 1513, 146 L.Ed.2d 389 (2000); Strickland, 466 U.S. at 693, 104 S.Ct. at 2067. This proposition turns on the success of Proposition II. We find in Proposition II that Sonnier had no right to a judicial due process hearing on her termination from WIR. Therefore, trial counsel cannot have been ineffective in failing to prepare properly for such a hearing.

¶5 We find in Proposition II that Sonnier was not denied due process of law when she was terminated from the WIR program. She did not raise this below and has waived all but plain error. Plain error is an actual error, that is plain or obvious, and that affects a defendant's substantial rights, affecting the outcome of the trial. Barnard v. State, 2012 OK CR 15, ¶ 13, 290 P.3d 759, 764. Given the constitutional nature of the claim, we must decide whether any error was harmless beyond a reasonable doubt. Miller v. State, 2013 OK CR 11, ¶ 106, 313 P.3d 934, 971-72; Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

¶6 Sonnier confessed the acceleration of her deferred sentence in this case, No. CF-2011-2148, and entered a blind plea of guilty in No. CF-2012-1757. In both cases sentencing was passed for her to try to successfully complete the Women in Recovery program. In both cases, there was an understanding that Sonnier would go to prison if she did not complete WIR, but at the time of each plea there was no specific sentence recommended or imposed. This case turns on the nature of Sonnier's participation in WIR. Sonnier compares WIR to drug court, mental health court, probation revocation hearings, and acceleration hearings. She argues that WIR is like drug court, and drug court is like deferred sentencing, so WIR is like deferred sentencing. Thus, she claims, she should be afforded the protections required on a deferred sentence, including notice of the reasons for her termination and an opportunity to contest those reasons. This Court has held that a defendant who is terminated from participating in a diversionary program is entitled to due process. Tate v. State, 2013 OK CR 18, ¶ 20, 313 P.3d 274, 280-81; Alexander v. State, 2002 OK CR 23, ¶ 8, 48 P.3d 110, 112-13. This includes termination from drug court or mental health court, or the acceleration of a deferred sentence. Tate, 2013 OK CR 18, ¶ 20, 313 P.3d at 280-81.

¶7 This comparison is misleading. When Sonnier entered a guilty plea and confessed the acceleration of her deferred sentence in these cases, she did not receive a deferred sentence in either case. In both cases, the trial court accepted Sonnier's plea of guilty and confession to acceleration (finding her guilty of the charged crime and allegation supporting acceleration), and simply passed the sentencing proceedings. Sonnier was not put on probation, nor was completion of WIR made a condition of her release. She did sign a standard document stating rules and conditions of pretrial release, in order to receive electronic monitoring through the court services system. In neither case do the conditions of pretrial release mention WIR; the electronic monitoring agreement in each case does state that WIR will pay the cost of monitoring. Furthermore, in this case, CF-2011-2148, Sonnier's confession of acceleration explicitly states: "pass to get into WIR, or sentencing by ct [sic] if passed out of WIR due to pregnancy or any other reason."

¶8 Moreover, despite Sonnier's comparisons, completion of the WIR program is not analogous to drug court or mental health court programs. Drug and mental health courts formally and explicitly establish structured judicial intervention processes for treatment of eligible offenders. 22 O.S.Supp.2014, §§ 471-471.11; 22 O.S.2011, § 472; Alexander, 2002 OK CR 23, ¶ 8, 48 P.3d at 112-13. These programs are based in the district courts, which hold regular progress hearings. The reviewing courts must recognize relapses and restarts because the alternative court statute provides for this consideration. 22 O.S.2011, § 471.7(E); Tate, 2013 OK CR 18, ¶ 23, 313 P.3d at 281-82.[1] Defendant participants who fail to complete the programs are, of necessity, terminated through order of the drug or mental health court judge. In deciding whether to terminate a defendant from one of these programs, a trial court must afford at least the minimum due process requirements, including written notice of the violations and disclosure of the evidence, a hearing at which the defendant has an opportunity to be heard and to confront and cross-examine witnesses, before a neutral and detached body, with a written statement of findings and conclusions. 22 O.S.2011, § 471.7(F); Tate, 2013 OK CR 18, ¶¶ 22, 27, 313 P.3d at 281-82; Morrissey v. Brewer, 408 U.S. 471, 488-89, 92 S.Ct. 2593, 2603-04, 33 L.Ed.2d 484 (1972).

¶9 WIR is more like community service or a rehabilitation program than a drug court or mental health court. It is not created separately by statute, provides for no specific judicial intervention process, and is not controlled by the trial court. No statutory provisions safeguard a defendant's due process rights connected with her liberty interest as it relates to acceptance into or termination from the program. Rather, WIR is a private community provider program, which diverts a woman from prison, and which is accessed through the trial court's sentencing powers. Unstructured public-private partnerships are relatively new to the criminal justice system. WIR began as a private/public experimental partnership with the Tulsa County District Court system through the George F. Kaiser Foundation and Family and Children's Services, a certified private service provider in the Tulsa area. The program was designed to offer certain women not eligible for some other diversionary program an opportunity to avoid incarceration in prison. To enter the WIR program, an offender must approach WIR for a determination that she is eligible and for acceptance into the program. The offender then petitions the trial court, after entering a plea of guilty, to be allowed the opportunity to complete the WIR program before sentence is imposed. If the trial court accepts the plea, sentencing is passed until completion of the WIR program. When Sonnier agreed to the acceleration of her deferred sentence in this case in order to enter WIR, she agreed not only to entry into WIR, but to rules and conditions of pretrial release, including participation in an electronic monitoring program administered by the Tulsa County District Court division of Court Services. By so agreeing, Sonnier agreed to keep the trial court informed of her progress through regular, periodic court dates at which both WIR and Court Services presented status reports.

¶10 Under the statutes providing for sentencing, a trial court may suspend a sentence in whole or in part, and order a defendant to comply with any provision specifically ordered by the court. 22 O.S.2011, § 991a(A)(1)(hh). When imposing a deferred sentence on a verdict or plea of guilty, a trial court may defer further proceedings upon specific conditions, and may order a defendant to complete any conditions which can be imposed for a suspended sentence under § 991a(A)(1). 22 O.S.2011, § 991c(A)(10). Although Sonnier refers to these sentencing provisions, the discussion above shows that they do not apply here. Initially, when Sonnier first entered a plea in this case (CF-2011-2148), she did receive a deferred sentence. However, when she confessed the State's application to accelerate that deferred sentence, she did not receive another deferred sentence; sentencing was merely passed to give her a chance to complete WIR. She was not ordered to complete the WIR program as a condition of her release, though she did agree to be sentenced by the court if WIR terminated her. In addition, Sonnier's plea of guilty in CF-2012-1757 followed the same process and did not result in a deferred sentence.

¶11 Trial courts may also sentence eligible offenders to the Community Service Sentencing Program under 22 O.S.2011, § 991a-4.1. This provision allows offenders to be sentenced to the program, administered by the DOC or counties which have existing community service programs, and which may include community service or education programs, substance abuse, mental health and medical treatment programs, as well as testing for controlled substances and payment of restitution. 22 O.S.2011, § 991a-4.1(C). Under Community Service sentencing, the DOC establishes a list including "federal, state and local government agencies, community service agencies, nonprofit organizations, educational programs and other treatment programs willing to participate in the program to which offenders may be referred". 22 O.S.2011, § 911a-4.1(G). Additionally, DOC must periodically contact these organizations to monitor an offender's progress. DOC must ensure that the trial court and prosecutor are notified in writing if the offender either successfully completes or fails to complete the program. 22 O.S.2011, § 991a-4.1(H). These general sentencing provisions allow trial courts alternatives to incarceration by diverting eligible defendants to community service programs such as WIR.

¶12 The specific statutory authority for expanded use of programs such as WIR comes from 57 O.S.2011, § 510.8b. This statute authorizes the Department of Corrections to establish public/private partnerships in pilot diversionary programs for nonviolent offenders who are the primary caregivers of minor children, and to provide reentry services for inmates with minor children. 57 O.S.2011, § 510.8b(A). The Department of Corrections is tasked with developing or modifying community diversion and reentry programs, developing community partnerships, and promulgating rules necessary to implement the statutory provisions. 57 O.S.2011, § 510.8b(B),(C),(D). While the statute allows DOC to partner with WIR, nothing in any statute suggests that a trial court has the authority to order WIR to accept an offender where WIR has determined that the offender does not meet its admission requirements. In addition, although a trial court may terminate an offender from the WIR program and sentence her to prison, nothing suggests that a trial court could reject a WIR termination recommendation and require WIR to continue to treat an offender once WIR determines the offender has violated the terms of the program and should be terminated. In other words, the trial court has the authority to pass an offender's case to allow her to complete WIR, and the authority to impose sentence if she is removed from the program. However, the WIR, not the trial court, may accept an offender into the program or determine that she continues to be eligible for the program.

¶13 WIR is not comparable to drug court, mental health court, deferred sentencing, or any other statutorily established structured diversionary judicial intervention programs which provide an alternative to incarceration. The absence of any statute which could support a right to due process when a person is terminated from WIR is dispositive of this claim of error. In the context of parole and probation revocation (both judicial proceedings), the United States Supreme Court has confirmed that minimal due process is required, but declined to prescribe a particular procedure for those proceedings. Gagnon v. Scarpelli, 411 U.S. 778, 781-82, 93 S.Ct. 1756, 1759-60, 36 L.Ed.2d 656 (1973); Morrisey, 408 U.S. at 488-89, 92 S.Ct. at 2604. This Court has held that, in that context, a defendant must be "sufficiently apprised" of the grounds on which probation or a suspended sentence is revoked. Tate, 2013 OK CR 18, ¶ 33, 313 P.3d at 283-84. The trial court here accepted Sonnier's confession to acceleration of her deferred sentence (and, in CF-2012-1757, her guilty plea) and passed her sentencing date to allow her the opportunity for treatment in a community-based program. In doing so, the trial court was participating in a public-private partnership, in which Sonnier's eligibility for treatment was determined by the private provider, rather than the court. We find that Sonnier had no constitutional due process right to a judicial hearing on the private provider's determination that she is no longer eligible for the program.

¶14 Upon determining that Sonnier should be terminated from WIR, based on WIR's recommendation, the trial court properly proceeded to sentencing. There was no error in the trial court's action. Because there was no error, there was no plain error.

¶15 We find in Proposition III that there was no violation of the separation of powers doctrine. The trial court has statutory authority to order a defendant to comply with any provision specifically ordered by the court, including participation in community-based sentencing or diversion programs. 22 O.S.2011, § 991a(A)(1)(hh); 22 O.S.2011, § 991a-4.1(C); 57 O.S.2011, § 510.8b(A). The trial court was within its authority in granting Sonnier's request to apply to enter the WIR program before sentence was imposed, and there was no separation of powers violation.

DECISION

¶16 The Judgment and Sentence of the District Court of Tulsa County is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2014), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE KURT G. GLASSCO, DISTRICT JUDGE

 

 ATTORNEYS AT PLEA HEARING

 ANGELA BONILLA
 TULSA COUNTY PUBLIC
 DEFENDER'S OFFICE
 423 SOUTH BOULDER, STE. 300
 TULSA, OK 74103-3805
 COUNSEL FOR DEFENDANT

  ANDREA BROWN
 ASSISTANT DISTRICT ATTORNEY
 TULSA COUNTY COURTHOUSE
 500 SOUTH DENVER
 TULSA, OK 74103
 COUNSEL FOR STATE
 
 
 ATTORNEYS ON APPEAL
 ERIC L. REYNOLDS
 TULSA COUNTY
 PUBLIC DEFENDER'S OFFICE
 423 S. BOULDER AVE., STE. 300
 TULSA, OK 74103-3805
 COUNSEL FOR APPELLANT

  E. SCOTT PRUITT
 ATTORNEY GENERAL OF OKLAHOMA
 JAY SCHNIEDERJAN
 ASSISTANT ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
OPINION BY: Smith, V.P.J.
Lewis, P.J.: CONCUR
Lumpkin, J.: CONCUR IN RESULTS
A. Johnson, J.: CONCUR

FOOTNOTES

[1] In Tate, this Court held that, because the statute authorizing mental health courts did not require those courts to recognize relapses and restarts, trial courts were not required to do so. Tate, 2013 OK CR 18, ¶¶ 26-27, 313 P.3d at 282. The Legislature has since amended 22 O.S., § 472 to include such a requirement, effective November 1, 2014. 2014 Okla. Sess. Laws 180.






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Criminal Appeals Cases Cite
Name
Level 2002 OK CR 23, 48 P.3d 110, ALEXANDER v. STATE
Discussed at Length 2007 OK CR 28, 164 P.3d 1103, HARRIS v. STATE
Discussed 2008 OK CR 30, 199 P.3d 877, WILEY v. STATE
Discussed 2012 OK CR 15, 290 P.3d 759, BARNARD v. STATE
Discussed 2013 OK CR 11, 313 P.3d 934, MILLER v. STATE
Discussed 2013 OK CR 18, 313 P.3d 274, TATE v. STATE
Discussed at Length
Title 22. Criminal Procedure Cite
Name
Level 22 O.S. 991a-4.1, Community Service Sentencing Program
Discussed at Length 22 O.S. 472, Anna McBride Act
Discussed 22 O.S. 991c, Deferred Sentence
Cited 22 O.S. 471.7, Progress Reports and Periodic Reviews
Discussed 22 O.S. 991a, Sentence - Powers of the Court
Discussed
Title 57. Prisons and Reformatories Cite
Name
Level 57 O.S. 510.8b, Pilot Diversion and Reentry Programs for Nonviolent Offenders who are Primary Caregivers of Minor Children
Discussed at Length
Title 63. Public Health and Safety Cite
Name
Level 63 O.S. 2-402, Prohibited Acts B - Penalties
Cited 63 O.S. 2-405, Prohibited Acts E- Penalties
Cited