**The CITY OF BETHANY, Oklahoma, Appellant,**

v.

**June E. HILL, Appellee.**

**No. 46040.**

Supreme Court of Oklahoma.

May 8, 1973.

David A. Davis, City Atty., Bethany, for appellant.

Wilbert G. Smith, Smith, Smith & Christian, by Fred Vaughan, Jr., Legal Intern, Oklahoma City, for appellee.

WILLIAMS, Vice Chief Justice.

On May 9, 1972, the Board of Adjustment of the City of Bethany granted a variance from the provisions of the Bethany zoning ordinance to appellee herein, June E. Hill.

The Board's written order granting the variance was filed on May 31, 1972.

On June 1, 1972, appellant, City of Bethany, filed a notice of appeal from the order in the District Court of Oklahoma County.

Thereafter, on motion of appellee, the trial court dismissed the appeal as not having been timely filed. The City of Bethany then appealed to this Court from the latter order. The only question presented is when the ten day period within which to

appeal to the district court from an order of the board of adjustment begins to run.

Under 11 O.S.1971, Sec. 408, the time within which to appeal from an order of the board of adjustment to the district court is to be fixed by city ordinance.

Sec. 2–21 of the Code of Ordinances of the City of Bethany, provides for appeals to the Board of Adjustment. Under that provision, "Each ruling made by the Board shall be in writing and shall contain the findings of fact based upon testimony received at the hearing afforded by the Board, and shall specify the reason for granting or denying the appeal or variance."

Under Sec. 2–22 of the Code of Ordinances of the City of Bethany, an appeal from an order of the Board of Adjustment of that City may be taken within ten days "* * * from the *filing* of the decision of the Board * * *". (Emphasis added).

■ Where the language of a statute or ordinance is plain and unambiguous and its meaning clear and no occasion exists for the application of rules of construction, the statute will be accorded the meaning as expressed by the language therein employed. Seventeen Hundred Peoria, Inc. v. City of Tulsa, Okl., 422 P.2d 840.

■ Appellee Hill suggests that the meeting of the Board of Adjustment on May 9, 1972, was an open meeting as required by statute; that the action of the Board was taken publicly in that meeting; that the minutes of the Board reflecting the action taken were filed immediately thereafter; and that for all of these reasons the ten day period within which to appeal should be held to have started with the filing of the Board's minutes.

We do not agree. The minutes of the Board patently are not the written ruling of the Board as required by § 2–21 of the City Ordinance. Also, the decision of the Board referred to in § 2–22 of the ordinance must of necessity refer to the written ruling of the Board as required by §

2–21. The quoted ordinance plainly provides that appeal time begins to run from the time of the *filing* of the decision, and not from the time of the filing of the Board's minutes.

The judgment of the trial court is reversed and this cause is remanded for such further proceedings as may be required.

All the Justices concur.