MINUTES OF MEETINGS — POLICE PENSION AND RETIREMENT BOARD Local police pension and retirement systems must comply with a rule of the Police Pension and Retirement Board of the State of Oklahoma to forward to that Board minutes of all meetings wherein pensions are granted, adjusted or modified by the local board. The Attorney General has considered your request for opinion wherein you, in effect, ask the following question: Do local police pension and retirement boards have to comply with the requirement of the State Police Pension and Retirement Board to forward copies of minutes of their monthly meetings to the State Board? The Police Pension and Retirement Board of the State of Oklahoma was created by legislative act in 1972. Laws 1972, Chapter 71, Section 1. The powers and duties of the Board are codified at 11 O.S. 543d [11-543d] (1974) as follows: "The Board shall, in addition to other powers herein granted, have authority to: "1. Promulgate rules and regulations for the conduct of its business and promulgate forms for use by police pension and retirement boards of the various cities and towns. "2. Compel witnesses to attend and testify before it upon all matters connected with the operation of the police pension and retirement systems enacted pursuant to Chapter 13A. Title 11, Oklahoma Statutes, and amendments thereto, or ordinances enacted by cities or towns pertaining to such act. "3. To review all pensions or retirements granted by police pension and retirement systems of the various cities and towns within the State of Oklahoma to determine if said decisions were in conformity with the law and the intent of the statute. The Board may affirm, disallow or modify any such pension or retirement upon review. The local board shall be notified of the action and any aggrieved party may appeal to the district court of the county where the situs of government of the city or town is located, as provided in the Administrative Procedures Act. Employ such clerical and investigative staff as reasonably necessary to accomplish the duties of the Board. "4. Serve as Board of Trustees to administer provisions of 11 O.S. 541 [11-541] through 11 O.S. 541x [11-541x] (1971), or amendments thereto, for those towns and cities employing ten or less policemen and who have elected to participate in the Oklahoma Police Pension and Retirement System." The Oklahoma Supreme Court has consistently held that where the language of a statute is plain and unambiguous and its meaning clear and no occasion exists for the application of rules of construction, the statute will be accorded the meaning as expressed by the language therein employed. City of Bethany v. Hill, 509 P.2d 1364 (1973). There can be no question but that the State Board has the authority, pursuant to Section 11 O.S. 543d [11-543d](1), to promulgate regulations for the conduct of its business. Likewise, it is clear that the review of all pensions or retirements granted by local police pension and retirement systems is within the scope of the business of the State Board inasmuch as the Legislature has expressly imposed a duty upon the Board to so review all pensions. Section 543d(3), supra. A rule requiring local boards to furnish minutes of all meetings wherein pensions are granted or modified appears to be reasonable and within the State Board's authority in order to insure compliance with statutorily imposed duties. The State Board may, therefore, require the forwarding of minutes of meetings wherein such matters are involved and local boards must comply with such a requirement. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Local police pension and retirement systems must comply with a rule of the Police Pension and Retirement Board of the State of Oklahoma to forward to that Board minutes of all meetings wherein pensions are granted, adjusted or modified by the local board. (William Don Kiser)