2003 OK 98

**The PENTAGON ACADEMY, INC., Plaintiff/Appellant,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 1 OF TULSA COUNTY, Oklahoma, Defendant/Appellee.**

**No. 98,384.**

Supreme Court of Oklahoma.

Nov. 25, 2003.

Gentner F. Drummond, Will K. Wright, Jr., The Drummond Law Firm, Tulsa, OK, for Plaintiff/Appellant.

J. Douglas Mann, Eric D. Wade, Rosenstein, Fist & Ringold, Tulsa, OK, for Defendant/Appellee.

SUMMERS, J.

¶ 1 The question is whether an unsuccessful charter school applicant may compel the School District to submit to binding arbitration on the application. Title 70 O.S.2001, § 3–134(F) of the Charter Schools Act provides that when an application to establish a charter school is rejected by a board of education, the unsuccessful applicant "may proceed to mediation or binding arbitration or both mediation and binding arbitration as provided in the Dispute Resolution Act [12 O.S. § , 1801et seq.] and the rules promulgated pursuant thereto." The issue before us is whether the district court erred when it refused to apply this statutory provision to grant Pentagon Academy's request for binding arbitration after the board of education of the Tulsa School District rejected its application for approval as a charter school. We answer the question in the negative, and affirm the trial court's grant of summary judgment to the Tulsa School District. It is Pentagon Academy's appeal which is retained before us for review.

¶ 2 In its entirety, § 3–134(F) provides:

F. If a board of education rejects the revised application for a charter school, the applicant **may proceed to** mediation or **binding arbitration or both mediation and binding arbitration as provided in the Dispute Resolution Act** [12 O.S., § 1801 et seq.] **and the rules promulgated pursuant thereto.** The applicant shall contact the early settlement program for the county in which the charter school would be located. If the parties proceed to binding arbitration, a panel of three arbitrators shall be appointed by the director of the early settlement program handling the dispute. The board of education shall pay the cost for any mediation or arbitration requested pursuant to this section. (Emphasis provided.)

¶ 3 However, the Dispute Resolution Act, 12 O.S.2001, § 1801, et seq., which 70 O.S., § 3–134(F) incorporates by reference, does **not** authorize binding arbitration, nor have any rules for arbitration been promulgated pursuant thereto. That Act provides solely for the establishment of programs for **mediation** services, and mandates procedures, rules and regulations for only **mediation** services. With one insignificant exception [1], the provisions of the Dispute Resolution Act make no mention of arbitration. We do not set forth the whole Dispute Resolution Act here. It is sufficient to note that the Act does not provide for binding arbitration as a means of resolving disputes, nor does it establish rules and procedures for its implementation. Its title reads:

An Act relating to civil procedure; establishing a Dispute Resolution Act; stating purpose; providing short title; defining terms; **authorizing establishment of programs to provide mediation services; establishing procedures; requiring certain rules and regulations in supplying mediation services;** providing for confidentiality; limiting liability in certain circumstances; providing for tolling of statute of limitations under certain conditions; providing for codification; providing an operative date; and declaring an emergency. Laws 1983, c. 78. (Emphasis supplied.)

¶ 4 To that end, the Dispute Resolution Act provides that rules for the effectuation of the purposes of the Act shall be promulgated by the Administrative Director of the Courts, with the approval of the Supreme Court of Oklahoma. Title 12 O.S.2001, § 1803(A) provides:

Any county, municipality, accredited law school or agency of this state is hereby authorized to establish programs for the purpose of providing **mediation services** pursuant to the provisions of the Dispute Resolution Act, ... to be **administered and supervised under the direction of the Administrative Director of the Courts. The Administrative Director shall promulgate rules and regulations,** subject to the approval of the Supreme Court of the State of Oklahoma, to effectuate the purposes of the Dispute Resolution Act.

¶ 5 Pursuant to the statute, rules and procedures for establishing and regulating **mediation** were promulgated by the Administrative Director and were initially adopted by the Oklahoma Supreme Court in 1986. See, 12 O.S. Ch. 37, App. Rules and Procedures for the Dispute Resolution Act, and Appendix A through Appendix D.

¶ 6 The Supreme Court, however, has never adopted rules and regulations governing arbitration. At trial the parties showed that a draft of rules and regulations regarding binding arbitration had been promulgated by the Administrative Director of the Courts, but that those rules and regulations were never approved by the Supreme Court, and were later withdrawn by the Director.

 ¶ 7 This summary judgment review calls for statutory interpretation, and presents only questions of law which stand before us for *de novo* review. The grant of summary judgment, ultimately a legal determination as to whether a party is entitled to judgment as a matter of law, is reviewed by appellate courts by a *de novo* standard exercising plenary, independent and non-deferential authority. *Cranford v. Bartlett,* 2001 OK 47, 25 P.3d 918. Additionally, statutory interpretation is reviewed de novo. *Fraternal Order of Police v. Ardmore,* 2002 OK 19, 44 P.3d 569.

¶ 8 The material facts of this matter were not in dispute. The Pentagon Academy brought this action for declaratory judgment seeking to have the trial court determine its right to binding arbitration under the Charter School Act, 70 O.S.2001, §§ 3–130, et seq., and issue its order compelling the school district to participate in binding arbitration concerning its denial of plaintiff's charter school application. The parties jointly stipulated below to the following facts as conclusive of the controversy between them.

---

1. Rule 2, Part D of the Rules and Procedure for Dispute Resolution Act provides the definition of "Center" as: "A community-based facility which provides dispute resolution service consisting of: mediation, conciliation, arbitration, facilitation or other forms and techniques of dispute resolution."

¶ 9 On February 1, 2001 the board of education of the Tulsa School District received the Pentagon Academy's application for approval as a charter school, and the board voted to tentatively approve the application pending completion of the application. The completed application was received on February 1, 2002 but was rejected by the School District, which sent timely notice to the Pentagon Academy of the application's rejection and the reasons therefor. The Academy then submitted a revised application for approval as a charter school and on June 18, 2002, the Tulsa School District also rejected the revised application. Based on the above provisions of 70 O.S.2001, § 3–134(F), the Pentagon Academy requested that the Tulsa School District participate in binding arbitration. The School District declined to do so, but did offer to participate with the Pentagon Academy in non-binding mediation. The Pentagon Academy refused to participate in mediation and filed this declaratory judgment action.

■ ¶ 10 The Pentagon Academy contends that the words of 70 O.S. § 3–134(F) authorize the parties to participate in mediation or binding arbitration, and also grant the right to decide whether to pursue binding arbitration exclusively to it, the unsuccessful applicant. Pentagon Academy argues that since the statute gave defendant Tulsa School District no choice as to whether to participate in binding arbitration, its refusal to so do was arbitrary, capricious and contrary to law.

¶ 11 Pentagon Academy further argues that the fact that the Dispute Resolution Act does not provide for arbitration and the fact the Supreme Court has not approved rules and regulations governing arbitration pursuant to that act are irrelevant to the expressed intent of the legislature to allow the charter applicant to choose binding arbitration. It maintains that because the statute provides that the director of the early settlement program "shall" appoint a panel of three arbitrators and the board of education "shall" pay the costs, the panel should be allowed to select its own rules to govern the arbitration so the applicant will not be penalized by the silence of the Dispute Resolution

Act or the absence of rules approved by the Supreme Court.

¶ 12 Pentagon Academy argues that the only reasonable construction of the statute is that the legislature intended the unsuccessful applicant to have the option to compel arbitration, and that in the face of the legislative failing, or ineptness—the Dispute Resolution Act's silence on arbitration procedures and rules—the court should simply construe the language of 70 O.S.2001, § 3–134 to give the provision its intended and obvious purpose.

¶ 13 The School District contends that binding arbitration under the Charter School Act is legally impossible. It points out that the statute's direction that the applicant "may proceed to … binding arbitration as provided in the Dispute Resolution Act and the rules promulgated pursuant thereto" is powerless to effect that purpose, since the Dispute Resolution Act does not authorize binding arbitration, and rules and regulations governing arbitration have never been adopted by the Supreme Court of Oklahoma. The School District contends that any order issued by the trial court which compelled its participation in binding arbitration procedures pursuant to the purported mandate of the Charter School Act, would therefore be both a legal impossibility to enforce and an unconstitutional exercise of power.

¶ 14 Additionally, School District asserts it would be deprived of due process of law if the provisions of the Charter School Act purporting to grant binding arbitration were enforced, inasmuch as the statutes do not provide for fair and constitutionally adequate arbitration procedures, and do not provide for any judicial review of the process or the arbitrator's decision. The District argues that this statutory scheme which places final and non-reviewable power with arbitrators constitutes an unconstitutional delegation of judicial power. The District also contends that the Act violates the separation of powers doctrine because the legislature has usurped the constitutional powers of the executive branch to supervise the policies, administration and state funding of public schools and has delegated that power to a panel of arbitrators.

¶ 15 In addition to these assertions of specific constitutional infirmities, the School District also argues that the Charter Schools Act is unconstitutional in its entirety because its highly restrictive population and average daily membership requirements set forth in 70 O.S. §§ 3–132(A) and 3–133, are an arbitrary and capricious limitation on the Act's application to certain school districts, and constitute a local or special law regulating the affairs of school districts in violation of the Oklahoma Constitution, Article V, Section 46.

¶ 16 Both parties sought summary judgment. The district court denied plaintiff Pentagon Academy's motion, and granted summary judgment to defendant School District. In reaching its decision the court agreed with the School District that while binding arbitration is mentioned in § 3–134(F) of the Charter Schools Act, it was legally impossible for it to take place in light of the absence of rules and regulations governing the procedure approved by the Oklahoma Supreme Court required to be provided by the Dispute Resolution Act. Having determined the matter on this statutory ground, the trial court found it unnecessary to address the constitutional challenges to the Charter School Act which had been raised by School District.

██ ¶ 17 We agree with trial court's ruling on both motions. The trial court correctly ruled that arbitration could not proceed in the absence of rules required by the interplay of the statutes for the implementation and control of binding arbitration. The Charter School Act incorporates the Dispute Resolution Act by reference, and mandates that binding arbitration proceed "as provided by the Dispute Resolution Act and the rules promulgated thereto". We are not at liberty to ignore these express requirements of the acts or to create alternative requirements of our own. Those requirements are an essential part of the Charter School Act. A "reference statute" is a statute which refers to other statutes, and by reference adopts them wholly or partially and makes them applicable to the subject of the legislation. See, *Dabney v. Hooker,* 1926 OK 751, 249 P. 381;

*Ex parte McMahan,* 1951 OK CR 94, 237 P.2d 462.

¶ 18 The silence of the Dispute Resolution Act on the subject of provisions governing binding arbitration leaves no room for this Court to add language and change the meaning of the statutes. The absence of those provisions does not present a mere ambiguity as was argued by Pentagon Academy. The Dispute Resolution Act clearly authorizes only mediation, and provides procedures only for mediation. Relying on its provisions as authority for compulsory binding arbitration is, as was determined by the trial court, legally impossible.

██ ¶ 19 The fundamental rule of statutory construction is to ascertain and give effect to the legislative intent, and that intent is first sought in the language of a statute. Courts will give the words of a statute a plain and ordinary meaning, unless a contrary intention plainly appears. When the language of a statute is plain and unambiguous, no occasion exists for further judicial inquiry or for the application of rules of construction, and the statute will be accorded meaning as expressed by the language employed. It is not the function of the courts to add new provisions which the legislature chose to withhold. *Oklahoma Ass'n for Equitable Taxation v. City of Oklahoma City,* 1995 OK 62, 901 P.2d 800, 803; *City of Bethany v. Hill,* 1973 OK 49, 509 P.2d 1364. Where the meaning of a statute is clear and unmistakable, there is no room for construction, and courts may not search for an interpretive device to fabricate a different meaning. *Anson Corp. v. Hill,* 1992 OK 138, 841 P.2d 583

¶ 20 The trial court was also correct that it was not necessary to address hypothetical constitutional problems which might result from allowing compulsory binding arbitration to go forward in the absence of an existing framework of rules governing the procedure and its review. It is enough for the disposition of this matter that the statutory authority and those rules and procedures expressly mandated by the incorporated statute to implement binding arbitration are not present.

¶ 21 School District's motion to dismiss portions of the appeal, which was deferred for consideration until disposition, is denied. The judgment of the trial court is affirmed.

¶ 22 WATT, C.J., HODGES, LAVENDER, HARGRAVE, KAUGER, BOUDREAU, WINCHESTER, JJ., Concur.

¶ 23 OPALA, V.C.J., concurring in result.

"I concur in the court's disposition but not in its pronouncement."