**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SAMUEL TUCKER,

     Plaintiff - Appellant,

v.

MERCY TISHOMINGO HOSPITAL
CORPORATION, a domestic not for profit
corporation,

     Defendant - Appellee.

No. 16-6364
(D.C. No. 5:14-CV-00877-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Samuel Tucker appeals pro se the district court's denial of his motion to vacate a

settlement agreement that he executed with Mercy Tishomingo Hospital Corporation

("Mercy").  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I.**

Tucker filed this action alleging that Mercy terminated his employment in

violation of Title VII and the ADEA and also breached his employment contract.  After

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the district court granted summary judgment in favor of Mercy on Tucker's discrimination claims, the parties participated in a mediation. Lyle Clemens served as the mediator, and Tucker and Mercy attended the mediation with their respective counsel, Tony Gould and Nathan Whatley. Consistent with common mediation practice, the parties did not directly negotiate with each other; instead, Clemens positioned them in separate rooms and communicated their settlement offers back and forth.

The mediation culminated in a written settlement agreement providing: "Plaintiff agrees to accept and defendant agrees to pay the sum of [redacted] as full settlement of all his claims in Case # CIV 14-877M. Plaintiff will execute full release and dismissal [with] prejudice." R. at 711. The agreement further stated that it was entered into "without coercion, fraud, duress, undue influence and mistake" and that the parties agreed "to sign all documents necessary to effect a full and final settlement of all claims." R. at 711.

After the parties notified the district court of their settlement, the court administratively closed the case "without prejudice to the rights of the parties to reopen the proceeding for good cause shown, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation." R. at 642. The court's order provided further that "[i]f the parties have not reopened this case within 30 days . . . for the purpose of dismissal pursuant to the settlement compromise, Plaintiff's action shall be deemed to be dismissed with prejudice." R. at 642.

Tucker moved to reopen the case, informing the court that the parties disputed the scope of the release he was required to execute under the settlement agreement. Tucker

2

asserted that the settlement pertained only to his breach-of-contract claim and that he retained his right to appeal the district court's summary judgment ruling on his discrimination claims. Mercy contended that the settlement covered all of Tucker's claims in the action. Tucker also moved to extend the period of administrative closure. At the same time, Gould moved to withdraw as Tucker's counsel. The district court denied Tucker's motion to reopen the case but extended the administrative closure period for an additional 45 days. It informed the parties that, if they failed to resolve their dispute, they could return to the court within that time period to ask for in camera review of the settlement agreement. The court also permitted Gould to withdraw, and Tucker has subsequently proceeded pro se in this action.

Before the extended administrative closure period ended, Tucker moved to vacate the settlement agreement. Tucker's primary complaint was the parties' physical separation during the mediation, which precluded him from negotiating directly with Whatley. He also contended that he signed the agreement based on Gould's fraud and undue influence—in particular, Gould's failure to advise him that, per the terms of the settlement, Tucker would be waiving his right to appeal the district court's adverse ruling on his discrimination claims. Mercy's opposition to Tucker's motion attached sworn declarations from Gould, Clemens, and Whatley addressing the mediation process and the scope of the settlement. Mercy contended that there was a meeting of the minds on the settlement terms and emphasized that Tucker did not assert that either Mercy or Whatley had engaged in conduct constituting fraud or undue influence.

3

The district court denied Tucker's motion after an evidentiary hearing. It credited Gould's and Clemens' sworn statements and the terms of the settlement agreement as evidencing the legitimacy of the mediation process and Tucker's awareness of the consequences of signing the agreement. It also held that, under Oklahoma law, a contract cannot be rescinded based on a non-party's fraudulent acts. *See* Okla. Stat. tit. 15, § 58. Additionally, the court found that Gould did not assert undue influence, as defined in Okla. Stat. tit. 15, § 61. The district court concluded: "Therefore, the Court finds the [settlement] agreement executed by plaintiff and defendant should be enforced." R. at 831. It also denied Tucker's motion to reconsider because he failed to demonstrate any appropriate basis for relief. Tucker filed a timely notice of appeal.

## II.

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it. We review the district court's decision to enforce such an agreement for an abuse of discretion." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) (citation and internal quotation marks omitted). We will find an abuse of discretion "when the district court based its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Id.* (internal quotation marks omitted); *see also id.* at 1056 (affirming order enforcing settlement agreement because appellants provided "no reason to think that the district court's factual findings were clearly erroneous"). Courts apply state contract law regarding the formation and construction of a purported settlement agreement. *Id.* at 1060.

4

Tucker appears to raise two issues on appeal: (1) the mediation process was flawed and illegitimate, resulting in a failure to reach an agreement; and (2) Gould failed to advise him of the scope of his release of claims under the settlement agreement.

Tucker first argues that the district court erred in refusing to vacate the settlement agreement because the mediation process did not comply with the Oklahoma Dispute Resolution Act, Okla. Stat. tit. 12, §§ 1801-13. But he fails to show that the Dispute Resolution Act applies to the mediation of claims brought in federal court. That Act authorizes Oklahoma counties, municipalities, law schools, and agencies to establish mediation programs, providing for the administration and supervision of such programs by a state court administrator. *See id.* § 1803; *see also Pentagon Acad., Inc. v. Indep. Sch. Dist. No. 1 of Tulsa Cty.*, 82 P.3d 587, 589 (Okla. 2003) (describing the purpose of the Act).

Tucker nonetheless objects to the structure of the mediation under which he was not permitted to negotiate directly with Whatley. He maintains that this arrangement prevented the parties from reaching a valid agreement. But the evidence shows that the parties made settlement offers, which were communicated by Clemens, and that they ultimately signed a written settlement agreement. To the extent Tucker suggests that Whatley and Mercy were not actually present and participating in the mediation, Whatley's declaration demonstrates otherwise. *See* R. at 709. Ultimately, the district court found that Clemens' approach to conducting a mediation, which is not uncommon, did not preclude a meeting of the minds. Tucker fails to show that finding is clearly erroneous.

5

Finally, Tucker contends that Gould told him the settlement agreement did not apply to his discrimination claims and also assured Tucker that he would initiate an appeal of the district court's ruling on those claims as soon as Tucker signed the agreement. Tucker maintains that, had Gould advised him otherwise, he would have proceeded to trial on his breach-of-contract claim. However, Gould and Clemens both stated in their declarations that Gould advised Tucker, and that Tucker understood, that he would be releasing all of his claims against Mercy under the settlement agreement. *See* R. at 702-06, 708. Whatley stated this was also Mercy's intent, *see id.* at 709-10, and the terms of the written settlement agreement are consistent with all three declarations, *see id.* at 711. Consequently, the district court's finding that Tucker understood the scope of his release of claims under the settlement agreement is not clearly erroneous.

## III.

Finding no abuse of discretion, we affirm the district court's denial of Tucker's motion to vacate the parties' settlement agreement.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

6