KAUGER, J.:
¶1 We retained this cause to address the dispositive issue of whether a drug court's dismissal of charges upon the successful completion of the drug court program is statutorily exempt from expungement. We hold that a drug court's dismissal following successful conclusion of the drug court program is not excluded from expungement under 22 O.S. Supp. 2016 § 18[1] and may be expunged immediately, *729 after successful completion of the program and the charges have been dismissed.
FACTS
¶2 In August of 2008, the Purcell Police Department arrested the petitioner/appellee, D. A. (D.A./petitioner) for Larceny of CDS (a controlled dangerous substance), unlawful possession of CDS and obtaining CDS by forgery/fraud. The State charged her with three felonies in McClain County District Court. Upon the State's request, the trial court dismissed the larceny and obtaining CDS by forgery/fraud on July 14, 2009. Subsequently, the court entered a five year deferred sentence for the remaining count of possession of CDS against the petitioner.
¶3 In October of 2010, the McClain County Sheriff arrested D.A. for two counts of obtaining (or attempted) CDS by forgery/fraud. A plea deal provided that, upon successful completion of drug court, the latest two counts would be dismissed. However, if she did not successfully complete drug court, then she would receive fifteen years with the Department of Corrections. On October 3, 2013, D.A. was accepted into a drug court in McClain County.
¶4 After successful completion of drug court, the court dismissed D.A.' two nonviolent felony counts on May 5, 2015. On July 18, 2017, she filed a petition for expungement of both of her arrests, charges, and court dispositions pursuant to 22 O.S. Supp 2016 § 18(7) which provides that a person is authorized to file for expungement if:
A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories: ...
(7) The person was charged with one or more misdemeanor or felony crimes, all charges have been dismissed, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person, and the statute of limitations for refiling the charge or charges has expired or the prosecuting agency confirms that the charge or charges will not be refiled; provided, however, this category shall not apply to charges that have been dismissed following the completion of a deferred judgment or delayed sentence; (Emphasis supplied.)
¶5 On August 14, 2017, the Oklahoma State Bureau of Investigation (OSBI) filed an entry of appearance and objection to the petition to expunge the petitioner's record. The OSBI argued that D.A. did not qualify for expungement because her plea deal, participation in the drug court program, and subsequent dismissal constituted a "completion of a deferred judgment or delayed sentence" pursuant to 22 O.S. Supp. 2016 §§ 18(7) and 18(9).[2] Additionally, pursuant to § 18(9), the applicant must wait five years to pass since nonviolent felony charges are dismissed to qualify for expungement. Thus, the petitioner would not qualify for expungement until May of 2020.
¶6 The trial court held a hearing on September 13, 2017, and entered a summary order the same day denying the OSBI's objection and granting the petition for expungement. The court determined that a dismissal after the successful completion of drug court is not the same as a "dismissal following the completion of a deferred judgment or delayed sentence" within the meaning *730 of 22 O.S. Supp. 2016 § 18,[3] thus the Drug Court dismissal was not excluded from eligibility for expungement. Because 22 O.S. Supp. 2016 § 19[4] operates in tandem with § 18, the trial court also included instructions that the record be sealed pursuant to § 19. On October 11, 2017, the OSBI appealed. We retained the cause on October 18, 2017, and it was assigned on August 14, 2018, after the briefing cycle was completed.
A DRUG COURT'S DISMISSAL FOLLOWING SUCCESSFUL COMPLETION OF THE DRUG PROGRAM IS NOT EXCLUDED FROM EXPUNGEMENT UNDER 22 O.S. Supp. 2016 § 18, AND MAY BE EXPUNGED IMMEDIATELY.
¶7 The OSBI argues that, insofar as the expungement statute, 22 O.S. Supp. 2016 § 18,[5] is concerned, any dismissal following the completion of a deferred judgment or delayed sentence is expressly excluded from expungement, unless the charge was a nonviolent felony offense and five (5) years have passed since the dismissal. D.A. argues that the term "completion of a deferred judgment or delayed sentence" as used in the statute does not apply to the drug court process because it was not her sentence which was deferred but, rather, in lieu of incarceration, she committed to the drug court program and successfully completed it. We agree.
¶8 The Oklahoma Drug Court Act was established by the Legislature in 1997.[6] Drug and mental health courts formally and explicitly establish highly structured judicial intervention processes for treatment of eligible offenders.[7] While these programs are based in the district courts, the drug court holds regular hearings to review progress, relapses and restarts.[8] A drug court judge has to *731 recognize relapses and restarts as part of the rehabilitation process, and monitor and hold offenders accountable by ordering progressively increasing sanctions (or providing incentives), rather than removing an offender from the program when the relapse occurs. Although there may be circumstances where an offender's conduct warrants expulsion from the program.[9]
¶9 Any criminal case which has been filed and processed in the traditional manner is cross-referenced to a drug court case file by the court clerk if the case is subsequently assigned to the drug court program. While in the program, the originating criminal case file remains open for public inspection, but the drug court case file is closed for public inspection.[10] The eligibility form for the program requires an explanation of the participant's criminal record retention and disposition following successful completion of the program.[11]
¶10 We recognize that diversionary programs, such as drug court and mental health court, have been compared to the situation wherein a defendant's sentence is deferred pending the successful completion of certain terms of probation.[12] While they may be comparable, *732 they are not identical. Drug courts are an anomaly, and different from the general district court. Drug court programs require a separate judicial processing system differing in practice and design from the traditional adversarial criminal prosecution and trial systems. The drug court statutes expressly recognize the distinction from the "traditional" criminal prosecution.[13] Eligible offences are restricted by the rules of the specific drug court program.[14]
¶11 The sealing and expungement of drug court records are addressed within the drug court statutory framework. Title 22 O.S. Supp. 2016 § 471.9(B) sets forth a somewhat automatic expungement, providing:
B. The final disposition order for a drug court case shall be filed with the judge assigned to the case, and shall indicate the sentence specified in the written plea agreement. A copy of the final disposition order for the drug court case shall also be filed in the original criminal case file under the control of the court clerk which is open to the public for inspection. Original criminal case files which are under the control of the court clerk and which are subsequently assigned to the drug court program shall be marked with a pending notation until a final disposition order is entered in the drug court case. After an offender completes the program, the drug court case file shall be sealed by the judge and may be destroyed after ten (10) years. The district attorney shall have access to sealed drug court case files without a court order. (Emphasis supplied).
One obvious purpose of the sealing and destruction of the drug court case file is to protect a successful participant from being denied employment based on their criminal conduct, addiction, and subsequent conquering of the addiction.[15] Another obvious purpose is that this process is consistent with the overall purpose of drug court because it allows people who commit to and succeed in the program to move on with their lives, and to remove the stigma such past drug use might cause. It provides a motivation and incentive for completing the program.
¶12 However, the Drug Court Act[16] is not the only mechanism a person has for sealing or expunging criminal records. Enacted ten years prior to the Drug Court Act, 22 O.S. Supp. 2016 § 18[17] also allows expungement, and correspondingly, 22 O.S. Supp. 2016 § 19[18] sets forth the procedure for sealing records. Subsection 7 of § 18 authorizes a person charged with one or more misdemeanors or felonies in which the charges have been dismissed, to seek expungement if the statute of limitations had expired for refiling charges, or if the prosecuting agency confirms no charges will be refiled.[19] Pursuant to subsection 9 of § 18, if the person was charged with a nonviolent felony offence, and the charge was dismissed following the successful *733 completion of a deferred judgment or delayed sentence, the person must wait five years after the charges were dismissed.[20] Section 19 of title 22 works in tandem with § 18 and allows any person qualified to seek expungement under § 18 to also petition for the sealing of arrest records.[21]
¶13 One exception to expungement is when the charges have been dismissed following the "completion of a deferred judgment or delayed sentence."[22] The implication being that, if the dismissal follows the completion of a deferred judgment or delayed sentence, then it is either not authorized for expungement[23] or, if the charge involved were certain enumerated nonviolent felony offenses, five years must pass before seeking expungement.[24]
¶14 Neither statute specifically mentions drug courts, the unique drug court process, drug court records, or drug court dismissals after successfully completing drug court. Section 18 has been amended sixteen times since its enactment and fourteen times after the Drug Court Act was enacted in 1997, without any express language referring to drug court. Section 19 has been amended five times since its enactment and every amendment was subsequent to the enactment of the Drug Court Act, also without any express language referring to drug court.
¶15 Statutory interpretation is governed by legislative intent, and legislative intent is ascertained from a statute's plain language.[25] The plain language of 22 O.S. Supp. 2016 § 18[26] makes no reference to drug court dismissals, even though the Legislature has expressly delineated that drug courts and the drug court programs are unlike the traditional criminal process. The terms of § 18 existed before Drug Courts were created. The Legislature has not expressly mentioned drug court dismissals in § 18's many amendments, after the Drug Court Act[27] was enacted.
¶16 Expungement is consistent with the drug court's goal of allowing successful participants to move on with their lives, and not have past charges, which were successfully dismissed, be used against them by the public. Consequently, we hold the Legislature did not intend to include drug court dismissals within §§ 18(7)'s and (9)'s terms, which refer to charges that have been "dismissed following the completion of a deferred judgment or delayed sentence" to exclude them from expungement or wait five years after dismissal to seek expungement. Therefore, Drug Court dismissals following successful completion of the Drug Court program may be expunged immediately after the Drug Court determines that the program has been successfully completed and has dismissed the charges.[28]
CONCLUSION
¶17 Drug courts are an anomaly, and differ from the general district courts. Drug court programs require a separate judicial processing system differing in practice and design from the traditional adversarial criminal prosecution and trial systems. The drug court statutes expressly recognizes this distinction from the "traditional" criminal prosecution.[29] Expungement is consistent with the drug court's goal of allowing successful participants to get on with their lives without dismissed past drug charges to be used against them. Because the plain language of *734 22 O.S. Supp. 2016 § 18[30] makes no reference to drug court dismissals, evidently, the Legislature did not intend to include drug court dismissals within § 18's terms to exclude them from expungement. They may be expunged immediately after the program has been successfully completed, and the charges have been dismissed.
APPEAL PREVIOUSLY RETAINED; TRIAL COURT AFFIRMED.
GURICH, V.C.J., KAUGER, WINCHESTER, EDMONDSON, COLBERT and REIF, JJ., concur.
COMBS, C.J., concurs specially (by separate writing).
WYRICK, J., dissent (by separate writing).
DARBY, J., not participating.
COMBS C.J., concurring specially
¶1 I write to emphasize the difficulty of the Drug Court program and the well-deserved opportunity to expunge the arrest and filing records. There exists no form of probation requiring more commitment, dedication and resolve to complete than a Court ordered Drug Court program. Any petitioner, as we have in the present case, knows from the entry of their plea, the clear and present danger in failure to complete the Drug Court requirements. Here a term of imprisonment of 15 years on two counts was the negotiated agreement in the event of failure. Successful completion resulted in dismissal of both counts, and no felony conviction on these charges.
¶2 The intensity of the program requirements far exceed the requirements of any standard probation, community sentencing or district attorney supervision. The opportunity for expungement should be earned and when earned should not be delayed by a strained interpretation of 22 O.S. Supp. 2016, § 18 (A) (7) and (9), requiring the petitioner to wait an additional five years from the time of dismissal of the charges. The Oklahoma Drug Court Act, 22 O.S. 2011, §§ 471 - 471.11, specifies upon successful completion the record is to be sealed and may be destroyed after ten years. See 22 O.S. Supp. 2016, § 471.9 (B).
¶3 The Oklahoma Legislature has had multiple opportunities to address the applicability of expungement to a successful Drug Court participant but has wisely chosen to not specifically address the expungement provisions in relation to the Oklahoma Drug Court Act.
¶4 Successful participants in the Drug Court program should be congratulated for the changes made in their lives and expungement should not be delayed.

Title 22 O.S. Supp. 2016 § 18 provides in pertinent part:
A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories: ...
7. The person was charged with one or more misdemeanor or felony crimes, all charges have been dismissed, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person, and the statute of limitations for refiling the charge or charges has expired or the prosecuting agency confirms that the charge or charges will not be refiled; provided, however, this category shall not apply to charges that have been dismissed following the completion of a deferred judgment or delayed sentence; ...
9. The person was charged with a nonviolent felony offense, not listed in Section 571 of Title 57 of the Oklahoma Statutes, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person, and at least five (5) years have passed since the charge was dismissed; ...
Title 22 O.S.2011 § 18 was amended in 2012, 2014, 2015, 2016, and again in 2018. The 2018 amendments will be superceded effective November 1, 2018, but subsection 7 will remain substantially unaltered by the amendments. Unless otherwise noted, all references throughout this opinion will be to the latest version of the statute, prior to the November 1, 2018, effective date of the amendments.

Title 22 O.S. Supp 2016. §§ 18(7) and (9), see note 1, supra.

Title 22 O.S. Supp. 2016 §§ 18(7) and (9), see note 1, supra.

22 O.S. Supp. 2016 § 19 sets forth the process for sealing records. It provides in pertinent part:
A. Any person qualified under Section 18 of this title may petition the district court of the district in which the arrest information pertaining to the person is located for the sealing of all or any part of the record, except basic identification information.
B. Upon the filing of a petition or entering of a court order, the court shall set a date for a hearing and shall provide thirty (30) days of notice of the hearing to the prosecuting agency, the arresting agency, the Oklahoma State Bureau of Investigation, and any other person or agency whom the court has reason to believe may have relevant information related to the sealing of such record.
C. Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records, the court may order such records, or any part thereof except basic identification information, to be sealed. If the court finds that neither sealing of the records nor maintaining of the records unsealed by the agency would serve the ends of justice, the court may enter an appropriate order limiting access to such records....

Title 22 O.S. Supp. 2016 §§ 18(7) and (9), see note 1, supra.

Title 22 O.S. Supp. 1997 §§ 471 -471.11. Title 22 O.S. Supp. 1997 § 471 provides:
Sections I through 12 of this act shall be known and may be cited as the "Oklahoma Drug court Act".
Various sections of the Act have been amended since enactment. In 2002 the Legislature enacted the Anna McBride Act at 22 O.S. Supp. 2002 § 472 which concerns mental health courts.

Title 22 O.S. 2011 §§ 471 -471.11 ; 22 O.S. Supp. 2016 § 472 ; Sonnier v. State, 2014 OK CR 13, ¶8, 334 P.3d 948 ; Alexander v. State, 2002 OK CR 23, ¶8, 48 P.3d 110. Title 22 O.S. Supp. 2016 § 471.1(A) provides:
For purposes of this act, "drug court", "drug court program" or "program" means an immediate and highly structured judicial intervention process for substance abuse treatment of eligible offenders which expedites the criminal case, and requires successful completion of the plea agreement.

Title 22 O.S. 2011 § 471.7 provides in pertinent part:
A. The designated drug court judge shall make all judicial decisions concerning any case assigned to the drug court docket or program. The judge shall require progress reports and a periodic review of each offender during his or her period of participation in the drug court program or for purposes of collecting costs and fees after completion of the treatment portion of the program. Reports from the treatment providers and the supervising staff shall be presented to the drug court judge as specified by the treatment plan or as ordered by the court....
E. The drug court judge shall recognize relapses and restarts in the program which are considered to be part of the rehabilitation and recovery process. The judge shall accomplish monitoring and offender accountability by ordering progressively increasing sanctions or providing incentives, rather than removing the offender from the program when relapse occurs, except when the offender's conduct requires revocation from the program. Any revocation from the drug court program shall require notice to the offender and other participating parties in the case and a revocation hearing. At the revocation hearing, if the offender is found to have violated the conditions of the plea agreement or performance contract and disciplinary sanctions have been insufficient to gain compliance, the offender shall be revoked from the program and sentenced for the offense as provided in the plea agreement.
F. Upon application of any participating party to a drug court case, the judge may modify a treatment plan at any hearing when it is determined that the treatment is not benefitting the offender. The primary objective of the judge in monitoring the progress of the offender and the treatment plan shall be to keep the offender in treatment for a sufficient time to change behaviors and attitudes. Modification of the treatment plan requires a consultation with the treatment provider, supervising staff, district attorney, and the defense attorney in open court....
Sonnier v. State, see note 7, supra; Tate v. State, 2013 OK CR 18, ¶20, 313 P.3d 274.

Title 22 O.S. 2011 § 471.7, see note 8, supra; Tate v. State, see note 7, supra at § 23; Alexander v. State, see note 7, supra at § 11.

Title 22 O.S. 2011 § 471.7(E) provides in pertinent part:
... Any criminal case which has been filed and processed in the traditional manner shall be cross-referenced to a drug court case file by the court clerk, if the case is subsequently assigned to the drug court program. The originating criminal case file shall remain open to public inspection. The judge shall determine what information or pleadings are to be retained in the drug court case file, which shall be closed to public inspection

Title 22 O.S. Supp. 2016 § 471.2 provides in pertinent part:
The eligibility form shall describe the drug court program for which the offender may be eligible, including, but not limited to: ...
10. An explanation of the criminal record retention and disposition resulting from participation in the drug court program following successful completion of the program....
This section was amended and will be superceded effective November 1, 2018, but because the pertinent portions remain unaltered by the amendment, unless otherwise noted, all references will be to the pre-November 1, 2018, effective date of the amendments.

The Oklahoma Court of Criminal Appeals has resolved many causes concerning due process and other questions involving such courts. They have recognized such similarity. See, Tate v. State, 2013 OK CR 18, ¶ 20, 313 P.3d 274 ; Hagar v. State, 1999 OK CR 35, ¶¶ 9-11, 990 P.2d 894. For example, in Looney v. State, 2002 OK CR 27, ¶ 9, 49 P.3d 761, the Court said:
...As noted by this Court in Hagar, Drug court is a type of diversionary sentence, which expedites the criminal case and requires successful completion of the plea agreement in lieu of incarceration. Hagar, 1999 OK CR 35, ¶ 7, 990 P.2d 894 ; 22 O.S Supp. 1998, § 471.7(A). To the extent that a defendant's sentence is delayed pending his participation in Drug court, these cases are comparable to situations where a defendant receives a deferred sentence. The termination of a defendant from Drug court is analogous to an [49 P.3d at 763 ] acceleration of a deferred sentence. Hagar, 1999 OK CR 35, ¶¶ 9-10 [990 P.2d 894]. The consequence of the termination from Drug court is to impose the sentence negotiated in the plea agreement. Hagar, 1999 OK CR 35, ¶ 11 [990 P.2d 894]. The procedures and interests involved in both an acceleration of a deferred sentence and termination from Drug court are similar, and a defendant has a right to appeal his termination from Drug court just as he has a right to appeal the acceleration of his deferred sentence. Hagar, 1999 OK CR 35, ¶ 12 [990 P.2d 894]....

Title 22 O.S. Supp. 2016 § 471.1(D) provides in pertinent part:
Drug court programs shall require a separate judicial processing system differing in practice and design from the traditional adversarial criminal prosecution and trial systems....
This subsection of the Drug court Act was amended in 2009 and 2016, however because the changes are deminimis, we refer to the most current version.

Title 22 O.S. Supp. 2016 § 471.1(c) provides:
Drug court programs shall not apply to any violent criminal offense. Eligible offenses may further be restricted by the rules of the specific drug court program. Nothing in this act shall be construed to require a drug court to consider every offender with a treatable condition or addiction, regardless of the fact that the controlling offense is eligible for consideration in the program. Traditional prosecution shall be required where an offender is determined not appropriate for the drug court program.

Title 22 O.S. Supp.2016 § 471.9 provides in pertinent part:
... C. A record pertaining to an offense resulting in a successful completion of a drug court program shall not, without the offender's consent in writing, be used in any way which could result in the denial of any employee benefit....

Title 22 O.S. 2011 §§ 471 -471.11.

Title 22 O.S. Supp. § 18, see note 1, supra.

Title 22 O.S. Supp. § 19, see note 3, supra.

Title 22 O.S. Supp. § 18(7), see note 1, supra.

Title 22 O.S. Supp. § 18(9), see note 3, supra.

Title 22 O.S. 2016 § 18(9), see note 3, supra.

Title 22 O.S. Supp. § 18(7), see note 1, supra.

Title 22 O.S. Supp. § 18(7), see note 1, supra.

Title 22 O.S. Supp. § 18(9), see note 1, supra.

Brisco v. State ex rel . BoardofRegentsofAgriculturalandMechanicalColleges, 2017 OK 35, ¶ 10, 3945, 394 P.3d 1251 ; State ex rel . OklahomaStateDep'tofHealth v. Robertson, 2006 OK 99, ¶ 6, 152 P.3d 875 ; ThePentagonAcademy, Inc. v. IndependentSch.Dist.No.1ofTulsaCounty, 2003 OK 98, ¶ 19, 82 P.3d 587.

22 O.S. Supp. 2016 §§ 18(7) and (9), see notes 1, supra.

Title 22 O.S. 2011 §§ 471 -471.11.

Title 22 O.S. Supp. §§ 18(7) and (9), see note 1, supra.

Title 22 O.S. Supp. 2016 § 471.1(D) see note 13, supra.

22 O.S. Supp. 2016 §§ 18(7) and (9), see notes 1, supra.